UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDWARD BUJANOWSKI,

        Plaintiff,

v.                            Case No. 8:08-cv-390-T-33EAJ

LONNIE KOCONTES,

        Defendant.
_____/

**ORDER**

This cause comes before the Court pursuant to Defendant Lonnie Kocontes's Motion Under FRCP 60(b) to Vacate Order Awarding Fees Entered on November 16, 2010 (Doc. # 143), which was filed on February 14, 2011. (Doc. # 162).  Plaintiff Edward Bujanowski filed a Response in Opposition to the Motion to Vacate on February 21, 2011. (Doc. # 164).

Also before this Court is Mr. Bujanowski's Motion for Order Directing Clerk to Enter Separate Judgment (Doc. # 145), filed on January 18, 2011.  Mr. Kocontes filed a Response in Opposition on February 15, 2011.  (Doc. # 163).  For the reasons that follow, the Court denies the Motion to Vacate and grants the Motion for Separate Judgment.

**I.  Factual Background**

On April 1, 2010, the Eleventh Circuit granted Mr. Bujanowski's Motion for Attorney's Fees, pursuant to 28 U.S.C. § 1447(c), and for sanctions, pursuant to 28 U.S.C. § 1927.

(Doc. # 111). The Eleventh Circuit remanded the case to this Court for the limited purpose of "consideration as to the amounts to be awarded." Id.

On April 15, 2010, this Court referred the matter of determining the amount of attorney's fees to the Honorable Elizabeth A. Jenkins, United States Magistrate Judge, for the issuance of a Report and Recommendation. (Doc. # 113). On April 16, 2010, Mr. Bujanowski filed his Motion for Attorney's Fees, pursuant to the Eleventh Circuit's Order. (Doc. # 114). Mr. Kocontes filed his Response in Opposition to the Motion for Attorney's Fees on June 22, 2010, wherein he raised multiple objections. (Doc. # 128). He did not request a hearing on this matter. Id.

On October 25, 2010, Judge Jenkins issued her Report and Recommendation in which she recommended that the Court award Mr. Bujanowski $6,148.00 in attorney's fees. (Doc. # 140). Mr. Kocontes filed an Objection to the Report and Recommendation on November 7, 2010. (Doc. # 141). In his Objection, Mr. Kocontes asserted that Judge Jenkins erred in several respects, and he indicated that the award should be reduced to $2,650.00. (Doc. # 141 at 3). In his detailed Objection, Mr. Kocontes failed to request an evidentiary hearing on the amount of fees. On November 16, 2010, the

-2-

Court entered an Order adopting the Report and Recommendation. (Doc. # 143). On January 19, 2011, the Court entered an Order directing the Clerk to issue a separate Judgment in Mr. Bujanowski's favor as to the award of attorney's fees. (Doc. # 146). On January 20, 2011, the Clerk issued the Judgment in favor of Mr. Bujanowski. (Doc. # 148).

Thereafter, on February 9, 2011, pursuant to Mr. Kocontes's request for further proceedings, the Court vacated the Order (Doc. # 146) and Judgment (Doc. # 148). On February 15, 2011, Mr. Kocontes filed a pleading attacking the validity of the Order and Judgment on the basis that he was not afforded an evidentiary hearing regarding the attorney's fees issue. (Doc. # 163). The Court finds that the fee determination was proper and that an evidentiary hearing was not required. As such, the Court denies Mr. Kocontes's Motion to Vacate (Doc. # 162) and grants Mr. Bujanowski's Motion for Order Directing Clerk to Enter Separate Judgment (Doc. # 145).

## II. Discussion

Mr. Kocontes argues that the Court's order adopting the Report and Recommendation (Doc. # 143) is void because an evidentiary hearing was not held concerning the amount of attorney's fees to be awarded to Mr. Bujanowski. The Court rejects Mr. Kocontes's argument. In <u>Florence Nightingale</u>

Nursing Service, Inc. v. Blue Cross/Blue Shield of Alabama, 41 F.3d 1476, 1485 (11th Cir. 1995), the Eleventh Circuit ruled, "[o]ur circuit has made clear that district courts are not required to hold a hearing on the fee issue. 'It is perfectly proper to award attorney's fees based solely on the affidavits in the record.'" (quoting Norman v. Housing Auth. of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988)). The Eleventh Circuit has further instructed that "a district court should give the [fee] applicant an adequate opportunity to respond to the court's concerns regarding the fee application and to correct perceived inadequacies in that application before making its decision." Florence Nightingale, 41 F.3d at 1485.

In the present case, the Eleventh Circuit determined that Mr. Bujanowski was entitled to an award of attorney's fees. Thus, the only issue left to be decided by this Court was the amount of fees. An evidentiary hearing on the amount of fees was not requested and was not required. There is no indication from the record that, in rendering her opinion, the Magistrate Judge failed to rigorously examine the fee application and consider the arguments posed by both sides. As in the Florence Nightingale case, "[a]n evidentiary hearing was not necessary . . . because the district court [has]

-4-

intimate knowledge of the case and received very detailed affidavits" in connection with the fee determination. Id. Thus, after due consideration, the Court denies Mr. Kocontes's Motion to Vacate the Order awarding attorney's fees.

As this Court finds that its Order awarding attorney's fees is valid, the Court grants Mr. Bujanowski's Motion for Order Directing Clerk to Enter Separate Judgment (Doc. # 145). Mr. Bujanowski submits that entering judgment is proper here because the Court has found that Mr. Bujanowski is entitled to a sum certain for attorney's fees and costs.

Under Federal Rule of Civil Procedure 58, every judgment and amended judgment must be set out in a separate document, but a separate document is not required for, among other things, an Order disposing of a Motion for Attorney's Fees under Fed. R. Civ. Pro. 54(d)(2). However, in this case, the Eleventh Circuit Court of Appeals granted entitlement to attorney's fees and costs not only under 28 U.S.C. § 1447(c) but also for sanctions under 28 U.S.C. § 1927. The sanctions under 28 U.S.C. § 1927 are specifically exempted from Fed. R. Civ. Pro. 54(d)(2)(e). As a result, the Court directs the Clerk to enter Judgment for Mr. Bujanowski by separate docket entry in the amount of $6,148.00.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Lonnie Kocontes's Motion Under FRCP 60(b) to Vacate Order Awarding Fees Entered on November 16, 2010 (Doc. # 162) is **DENIED**.

(2) Edward Bujanowski's Motion for Order Directing Clerk to Enter Separate Judgment (Doc. # 145) is **GRANTED**.

(3) The Clerk is directed to enter judgment for Mr. Bujanowski by separate docket entry in the amount of $6,148.00.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 14th day of March 2011.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record